FILED
United States Court of Appeals
Tenth Circuit

September 7, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GREGORY E. GRAHAM,

    Defendant-Appellant.

No. 10-8006
(D.Ct. No. 2:05-CR-00078-ABJ-2)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]

Before **BARRETT, ANDERSON,** and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Gregory E. Graham, a federal inmate, appeals the district court's denial of his "Motion To Recall Mandate Order on Court[']s Denial." We

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

exercise jurisdiction under 28 U.S.C. § 1291 and grant Mr. Graham's motion to proceed *in forma pauperis*, grant the government's motion to dismiss, and dismiss Mr. Graham's appeal.

## I. Factual and Procedural Background

On August 23, 2005, Mr. Graham pled guilty to the offense of distribution of 7.1 grams of cocaine base (crack cocaine). *United States v. Graham*, 466 F.3d 1234, 1235-36 (10th Cir. 2006). The district court sentenced him to twenty-five years imprisonment based on his and the government's Rule 11 plea agreement in which he waived his right to appeal, stipulated to distribution of 7.1 grams of crack cocaine, and stipulated to a twenty-five-year sentence.[1] *Id.* at 1236-38. We affirmed Mr. Graham's conviction and sentence on direct appeal. *Id.* at 1241.

Thereafter, Mr. Graham unsuccessfully filed a motion under 18 U.S.C. § 3582(c), requesting a reduction of his sentence in conjunction with Amendment 706 which modified the Drug Quantity Table in United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 2D1.1(c) downward two levels for

---

[1] Federal Rule of Criminal Procedure 11(c)(1)(C) permits the government and defendant to discuss and reach a plea agreement, including an agreement a specific sentence is appropriate, and states that once the plea agreement is accepted by the district court, the specified sentence is binding.

crack cocaine.[2] *United States v. Graham*, 304 F.App'x 686, 687 (10th Cir. 2008) (unpublished op.). The district court denied Mr. Graham's § 3582(c)(2) motion on grounds he did not qualify for a sentence reduction because the amount of crack cocaine attributable to him rendered him ineligible for relief. *Id.* We affirmed on other grounds, explaining that because Mr. Graham agreed to a binding sentence of twenty-five years, his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required under § 3582(c)(2)[3] for a sentence reduction. *Id.* at 688. Because the district court lacked jurisdiction to consider Mr. Graham's § 3582(c)(2) motion for a reduction of sentence, we remanded the matter to the district court with instructions to dismiss the motion for lack of jurisdiction. *Id.* On January 14, 2009, the district court issued an "Order on Mandate," dismissing Mr. Graham's § 3582 motion for lack of jurisdiction.

---

[2] *See* U.S.S.G. Supp. to App. C, Amend. 706 (Reason for Amend.); Amends. 712 and 713 (Mar. 3, 2008 Supp.); § 1B1.10(a)(2).

[3] Section 3582 states:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on *a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. [§] 994(o), ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

Mr. Graham filed the instant "Motion to Recall Mandate Order on Court[']s Denial" with the district court, asking it to recall our mandate and reconsider the issue presented for a reduction of sentence.[4]  Thereafter, the district court issued an order denying Mr. Graham's motion, explaining it did not have jurisdiction to recall a mandate of this court.  It also stated it did not have jurisdiction to entertain a motion to reduce his sentence, as explained by this court in his prior appeal.  Mr. Graham now appeals the district court's order.

## II.  Discussion

On appeal, Mr. Graham renews the same arguments previously made to seek a reduction of his sentence under Amendment 706 to the Guidelines.  He also reasserts issues expressly addressed by this court in his direct appeal, including the knowingness and voluntariness of his plea; ineffective assistance of counsel; and the sentencing requirements under *Booker.  See Graham*, 466 F.3d at 1239-41.  Mr. Graham also claims the government misrepresented or mis-characterized the evidence and facts concerning his sentence and that his sentence violates the Fifth Amendment.  In response, the government filed a motion to dismiss Mr. Graham's appeal based on the district court's lack of jurisdiction to

---

[4]  Mr. Graham also filed a second motion under 18 U.S.C. § 3582 for a sentence reduction on the same grounds; i.e., Amendment 706 lowered the Guidelines range and should be applied to him.  The district court denied his motion for lack of jurisdiction, which is not part of this appeal.

grant the relief requested for recall of this court's mandate.

As previously discussed, we determined Mr. Graham's sentence did not qualify for a sentence reduction under § 3582(c)(2) because he and the government stipulated to a sentence of twenty-five years under Federal Rule of Criminal Procedure 11(c)(1)(C). *See Graham*, 304 F.App'x at 687. Not only did the district court lack jurisdiction to consider Mr. Graham's prior § 3582 motion, but, in the instant case, it correctly determined it did not have jurisdiction to "recall" a mandate of this court or otherwise provide Mr. Graham the relief requested. It is a fundamental or rudimentary principle of our judicial system that once an appellate court issues a mandate to a district court to dismiss an action for lack of jurisdiction, the district court does not have jurisdiction to recall or otherwise void our mandate or to reconsider the merits of an action. To argue otherwise is simply frivolous.

Even if we reached the merits of Mr. Graham's other arguments on appeal, they are equally frivolous. None of those arguments address the district court's jurisdiction; provide grounds for recall of our mandate; or are appropriate where this court has definitively addressed them on direct appeal, including his arguments concerning the knowingness and voluntariness of his plea, ineffective assistance of counsel, and the sentencing requirements under *Booker*. To the

extent Mr. Graham is arguing *Booker* should be applied in his request for a reduction of his sentence, we have held *Booker* does not apply to sentence modification proceedings conducted under § 3582(c)(2). *United States v. Rhodes*, 549 F.3d 833, 840 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2052 (2009).

Finally, it is clear that by filing a motion with the district court to recall our mandate, reconsider his § 3582 motion, and rule on issues previously addressed by this court in his direct appeal, Mr. Graham is attempting to obtain favorable results on issues previously deemed meritless or over which the district court lacked jurisdiction. Similarly, Mr. Graham has not explained why he failed to raise the issues of the government's alleged misrepresentations and his sentence's violation of the Fifth Amendment in his direct appeal. Instead, the instant appeal on all of these issues is clearly an abuse of the judicial process, including the cause of unnecessary expenditures of judicial resources. We have held "[t]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter* (*In re Winslow*), 17 F.3d 314, 315 (10th Cir. 1994) (per curiam) (internal quotation marks and alteration omitted). We have further held that where a party has "engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate." *Id.* (internal quotation marks omitted).

Accordingly, we caution Mr. Graham future post-conviction filings on frivolous issues may result in summary disposition without any discussion. While we grant Mr. Graham's motion for leave to proceed *in forma pauperis* in the instant action, we further caution him we may limit permission in the future to proceed *in forma pauperis,* regardless of his financial ability to pay such costs and fees, should he continue to file frivolous pleadings.[5] The fact Mr. Graham is a *pro se* litigant does not prohibit the court from such summary disposition and limitations on frivolous or abusive filings. *See Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003).

III. Conclusion

For the foregoing reasons, we **GRANT** the government's motion to dismiss and thereby **DISMISS** Mr. Graham's appeal. We further **GRANT** Mr. Graham's motion to proceed *in forma pauperis*.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[5] *See In re McDonald*, 489 U.S. 180, 183-85 (1989) (limiting petitioner from proceeding *in forma pauperis* in future petitions for extraordinary writs based on petitioner's abuse of judicial resources); *Reneer v. Sewell*, 975 F.2d 258, 260 (6th Cir. 1992) (permitting "such prospective orders where a plaintiff has demonstrated a history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith under 28 U.S.C. § 1915(d)").