**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL C. TURNER, as a member
and on behalf of the Kiowa Tribe,

      Plaintiff–Appellant,

v.

RONALD O. MCGEE, acting in his
individual capacity as Appellate Judge in
the Court of Indian Offenses; STEVEN
PARKER, acting in his individual
capacity as Appellate Judge in the Court
of Indian Offenses; REBECCA CRYER,
acting in her individual capacity as
Appellate Judge in the Court of Indian
Offenses; PHIL LUJAN, Magistrate
Judge in the Court of Indian Offenses for
the Kiowa Tribe of Anadarko, Oklahoma,

      Defendants–Appellees.

No. 10-6031

---

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. 5:08-CV-01299-M)**

---

Kendyl T. Hanks (Stephen W. Hanks, The Hanks Law Firm, Arroyo Seco, New Mexico
and Sharon N. Freytag and Alan Wright, Haynes and Boone, LLP, Dallas, Texas, with
him on the briefs), Susman Godfrey, New York, New York, for the Plaintiff-Appellant.

Suzanne Mitchell (Sanford C. Coats and R.D. Evans, Jr., with her on the briefs), Office of the United States Attorney, Western District of Oklahoma, Oklahoma City, Oklahoma, for the Defendants-Appellees.

---

Before **LUCERO**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

---

Michael Turner, a member of the Kiowa Tribe, was charged by Oklahoma state authorities with instituting or encouraging cockfighting. The state court rejected Turner's argument that the crime took place in Indian Country as defined under 18 U.S.C. § 1151. While state prosecution was ongoing, Turner requested that the Court of Indian Offenses for the Kiowa Tribe enjoin the state proceeding. That court dismissed for lack of subject matter jurisdiction. Turner was subsequently convicted in state court.

Turner then sued the judges of the Court of Indian Offenses in federal district court. The district court denied relief, concluding that the defendants were entitled to sovereign immunity as tribal officials. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal on different grounds. We conclude that Turner lacks standing because he cannot establish redressability. Given the procedural posture of this case, it is unclear what—if any—action the district court could take to undermine Turner's conviction. Because the requested injunction would not redress Turner's injury, he lacks standing to pursue his claims.

# I

Turner's suit was intended to be the third in a series of test cases challenging Oklahoma's anti-cockfighting statute.[1] See Okla. Stat. tit. 21 §§ 1692.1 to .9. The two previous suits established that the cockfighting ban was facially constitutional, Edmondson v. Pearce, 91 P.3d 605 (Okla. 2004), and that federal courts lack jurisdiction to entertain the prosecution of non-Indians charged with cockfighting in Indian Country, United States v. Langford, 641 F.3d 1195 (10th Cir. 2011). Seeking to create precedent that state courts do not have jurisdiction over Indians charged with cockfighting in Indian Country, Turner publicly announced that he was organizing a cockfight and was arrested in Cotton County, Oklahoma.

In state court, Turner moved to dismiss the charges against him on the theory that the court lacked jurisdiction because he was an Indian who committed a crime in Indian Country.[2] After hearing Turner's evidence on the matter, the court found that the land on which the crime occurred was not Indian Country and accordingly denied Turner's motion to dismiss.

---

[1] Because the Article III standing analysis is dispositive in this case, we "accept as true all material allegations of the complaint" for purposes of our factual recitation. See Coll v. First Am. Title Ins. Co., 642 F.3d 876, 892 (10th Cir. 2011).

[2] We grant Turner's motion requesting that we take judicial notice of filings in cases related to this matter. See St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

Turner then filed a petition in the Court of Indian Offenses[3] asking that court to declare that the crime had occurred in Indian Country, and to enjoin the ongoing prosecution in state court. The Court of Indian Offenses sua sponte dismissed Turner's case for lack of subject matter jurisdiction. It did not provide a substantive explanation for this dismissal and did not analyze the Indian Country issue. Turner appealed the dismissal, but while it was pending before the Indian Court of Appeals, he was convicted in Oklahoma state court. Following the conviction, the Indian Court of Appeals summarily affirmed the dismissal of Turner's claim.

Turner then filed the instant case in federal district court. He named as defendants the Court of Indian Offenses judges involved in his case and sought an injunction requiring the defendants to consider whether the land on which his crime of conviction occurred is Indian Country. The district court concluded that it lacked subject matter jurisdiction because the defendants were acting as tribal officials and were thus entitled to sovereign immunity. It dismissed the action on January 28, 2010, but did not enter a separate judgment. Turner filed a notice of appeal on February 3, 2010.

## II

---

[3] The Court of Indian Offenses is created and empowered by the Secretary of the Interior pursuant to 25 C.F.R. § 11.100 et seq. See Tillett v. Lujan, 931 F.2d 636, 639 (10th Cir. 1991) ("[T]he creation of the Courts of Indian Offenses is a valid exercise of the power of the Secretary of the Interior as delegated to him by the Congress which holds plenary power over the Indian tribes."). Although the court was created with the permission of the Kiowa Tribe, id. at 639-40, judges are appointed by the Assistant Secretary of Indian Affairs. 25 C.F.R. § 11.201.

Appellees have filed a motion to dismiss this appeal for lack of appellate jurisdiction. They argue that 28 U.S.C. § 1291 does not grant this court jurisdiction over Turner's appeal because the district court did not enter a separate judgment under Fed. R. Civ. P. 58. This argument is incorrect. "A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a) does not affect the validity of an appeal from that judgment or order." Fed. R. App. 4(a)(7)(B). Turner filed his notice of appeal "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A) (emphasis added). Under these circumstances, we possess jurisdiction to hear the appeal even though the district court did not enter a separate judgment. See Clymore v. United States, 415 F.3d 1113, 1117 (10th Cir. 2005) ("In the interests of efficiency and judicial economy, an appellate court may accept jurisdiction and address the merits of an appeal, even in the absence of a separate judgment, rather than require the parties to return to the district court to obtain one." (citation omitted)).

## III

Appellees advance a second theory that would prevent us from reaching the merits of this dispute: They contend Turner lacks standing. "Because it involves the court's power to entertain the suit, constitutional standing is a threshold issue in every case before a federal court." O'Connor v. Washburn Univ., 416 F.3d 1216, 1222 (10th Cir. 2005). To establish Article III standing, a plaintiff must demonstrate that he has satisfied each of three "irreducible constitutional" elements. Lujan v. Defenders of Wildlife, 504

-5-

U.S. 555, 560 (1992). Specifically, the plaintiff must show that: (1) he has suffered an "injury in fact"; (2) the injury is "fairly traceable" to the complained-of conduct; and (3) it is "likely as opposed to merely speculative that the injury will be redressed by a favorable decision." Id. at 560-61 (quotations and alterations omitted).

We conclude that Turner has failed to establish that his claims are redressable in this action. Turner argues that the Court of Indian Offenses has the power to issue an order that may affect his state court conviction. Based on this belief, he requested that the district court enjoin the Indian court and require that it address the merits of his claim. In light of this hypothetical two-step remedy, he must demonstrate both that a judgment of a federal court would be binding on the Court of Indian Offenses and that the Court of Indian Offenses can bind the state court that entered Turner's conviction. See Nova Health Sys. v. Gandy, 416 F.3d 1149, 1159 (10th Cir. 2005) ("[I]t must be the effect of the court's judgment on the defendant that redresses the plaintiff's injury, whether directly or indirectly.").

As is often the case, redressability turns on the scope of authority of the defendants. We ask: Could these defendants, enjoined as Turner has requested, remedy Turner's conviction in state court? The same issue frequently arises when a plaintiff seeks to halt enforcement of a statute. In Bronson v. Swensen, 500 F.3d 1099 (10th Cir. 2007), for example, plaintiffs attempted to challenge Utah's criminal ban on plural marriage by suing the clerks that denied them a marriage license. Id. at 1103. With respect to the request for an injunction barring enforcement of the statute, we reasoned

that enjoining the clerk defendants "would not protect plaintiffs from any threat of future criminal prosecution . . . [because] such prosecutions are the province of governmental actors other than [the defendants]." Id. at 1112. On that basis, we dismissed the case for lack of standing, reaffirming that "[t]he redressability prong is not met when a plaintiff seeks relief against a defendant with no power to enforce a challenged statute." Id. at 1111; see also Coll, 642 F.3d at 892 ("Plaintiffs had to establish that any declaratory judgment entered against the Insurer Defendants would somehow be binding on the State Defendants, who are the ones charged with enforcing the [statute]."); Nova Health Sys., 416 F.3d at 1159 (concluding that plaintiffs did not establish redressability because "nothing in the record suggests that a judgment against these defendants would materially reduce the coercive effect of" the challenged statute).

Even assuming that the district court could have properly ordered the Court of Indian Offenses judges to discharge their duties in a specific manner, Turner has not demonstrated that the Court of Indian Offenses has the power to affect his state court conviction and thus remedy his injury. Oklahoma state courts grant full faith and credit to tribal judgments only "where the tribal court that issued the judgment grants reciprocity to judgments of the courts of the State of Oklahoma." Barrett v. Barrett, 878 P.2d 1051, 1054 (Okla. 1994) (quotation omitted);[4] see also Enlow v. Moore, 134 F.3d

---

[4] The term "tribal court" includes Courts of Indian Offenses for purposes of Oklahoma state law. See Okla. Stat. tit. 12, § 728.

993, 995 n.1 (10th Cir. 1998).

The record before us does not indicate whether Oklahoma and the Court of Indian Offenses for the Kiowa Tribe have entered into a reciprocal agreement by which one court system recognizes the other's decisions. But the reciprocity requirement places Turner in a classic dilemma. If a reciprocity agreement does exist, the Court of Indian Offenses would be required to give full faith and credit to the state court's adjudication of the Indian Country issue. Conversely, if a reciprocity agreement is not in place, the state court would be under no obligation to defer to the Court of Indian Offenses' determination. Under either scenario, the Court of Indian Offenses cannot undermine the state court's Indian Country determination in a manner that would bind the state court. Accordingly, Turner has failed to demonstrate that his injury is redressable in this case.[5]

This is not to say that the state court's Indian Country determination is unreviewable. When his state court conviction became final, Turner was free to seek federal review through a 28 U.S.C. § 2254 habeas petition. Rather than initiating a

_____

[5] To the extent that Turner argues his injury is the denial of process by the Court of Indian Offenses rather than his conviction, we reject such a claim. See Bond v. United States, 131 S. Ct. 2355, 2362 (2011) ("[A] conviction and sentence satisfies the case-or-controversy requirement, because the incarceration constitutes a concrete injury, caused by the conviction." (quotation and alteration omitted)). But "the Constitution does not protect procedure for procedure's sake." Morgan v. McCotter, 365 F.3d 882, 889 (10th Cir. 2004) (quotation omitted). Because, as noted, the procedure Turner sought from the Court of Indian Offenses would not have affected his conviction, the denial of process by that tribunal could not constitute a cognizable injury. See id. (in determining whether the denial of process constitutes an injury for standing purposes, "one must ask whether, assuming the truth and validity of all of a plaintiff's factual allegations and legal theories, the due process protections would have alleviated any harm").

-8-

"Rube Goldberg" process by which the federal courts direct the Court of Indian Offenses to order the state courts to take certain action, Turner could have simply requested habeas relief. His lack of standing in this case is the result of his attempt to sidestep the established processes for review.

**IV**

Our determination that Turner's injury is not redressable by a judgment against these defendants precludes us from reaching the merits of his case. We recognize the interest that Turner and the Kiowa Tribe have in establishing precedent on the enforcement of the Oklahoma statute in Indian Country. However, precedent can only arise from a cognizable case or controversy. Accordingly, we **AFFIRM** the district court's dismissal for lack of subject matter jurisdiction on these alternative grounds.