FILED
United States Court of Appeals
Tenth Circuit

February 19, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES JOSEPH WILSON,

Defendant-Appellant.

No. 12-4152
(D.C. No. 2:03-CR-00882-TC-1)
(D. Utah)

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **O'BRIEN**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

James Joseph Wilson, a federal prisoner proceeding pro se, seeks to appeal the district court's dismissal for lack of jurisdiction of his motion to recall the mandate in his criminal case. He also seeks to appeal the district court's denial of his Fed. R. Civ. P. 59(e) motion to alter or amend that dismissal. We deny him a certificate of appealability (COA) and dismiss this proceeding.

In 2004, Mr. Wilson pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). The district court found that he was a career offender and sentenced him to 188 months in prison, to be followed by a three-year term of

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

supervised release.  Since that time, Mr. Wilson has made several attempts to attack his conviction and sentence.

In 2005, Mr. Wilson filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, in which he argued that he was unconstitutionally sentenced under 18 U.S.C. § 924(c).  The district court rejected his arguments and denied his motion.  He did not appeal from this denial.

In 2008, he filed a "motion for resentencing," seeking to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c).  The district court denied the motion, noting that § 3582(c) only permits resentencing if the defendant's conviction involved crack cocaine.  The district court also denied his subsequent motion to alter or amend its judgment.

In 2010, Mr. Wilson filed another § 2255 motion, in which he challenged his sentencing classification as a career offender.  The district court determined that the motion was second or successive and that he had failed to demonstrate that he had authorization from this court to file it.  Accordingly, it transferred the motion to this court.  We dismissed the transferred motion after Mr. Wilson failed to file the required motion for authorization to file a successive § 2255 motion or to seek remand to the district court.

In 2012, Mr. Wilson filed the present "Motion to Recall the Mandate of This Court's Judgment in Defendant's Case."  R., Vol. 2 at 196.  He argued that under an amendment to the Sentencing Guidelines, the "career offender" provision did not

apply to him, that his sentence was incorrect, that it should be vacated, and that he should be re-sentenced. The district court concluded that "it is clear that Mr. Wilson is again seeking a reduction of his sentence pursuant to 28 U.S.C. § 2255." *Id.* at 210. Accordingly, it dismissed the successive petition for lack of jurisdiction. Mr. Wilson filed a motion to alter or amend this judgment, which the district court denied. He then appealed from both the dismissal of his motion to recall the mandate, and the denial of his motion to alter or amend the judgment.

Mr. Wilson must obtain a COA to pursue an appeal. *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Because the district court's ruling rests on procedural grounds, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his COA application, Mr. Wilson argues the merits of his legal issues, but does not articulate any reason why his motion should not be subject to the authorization requirements of § 2255(h). We have reviewed Mr. Wilson's motion and his application for COA and conclude that reasonable jurists could not debate the district court's conclusion that his motion to recall the mandate requires prior circuit-court authorization. Because he lacked such authorization, the district court properly dismissed it for lack of jurisdiction. Finally, all of this being so, the district court did not err in denying Mr. Wilson's Rule 59(e) motion.

Accordingly, we deny a COA and dismiss this matter. We also deny

Mr. Wilson's motion for remand.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk