FILED
United States Court of Appeals
Tenth Circuit

October 27, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PHILLIP A. PEAVY,

     Plaintiff - Appellant,

v.

LABOR SOURCE, LLC, d/b/a One Source
ABM Industrial Incorporated,

     Defendant - Appellee.

No. 15-3185
(D.C. No. 2:15-CV-02633-JAR-TJJ)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] Phillip Peavy appeals the district court's denial of his motion

to reconsider its denial of his motion for default judgment; its dismissal of his complaint;

and its order granting defendant's motion for non-monetary sanctions. Peavy raises eight

issues on appeal. We decline to address three and reject the other five on the merits.

_____

[*] After examining Peavy's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Because Peavy proceeds pro se, we liberally construe his filings and apply a more forgiving standard than we apply to filings drafted by an attorney. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we won't act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

1

First, Peavy appears to suggest the district court's failure to comply with Fed. R. Civ. P. 58(a) deprives us of jurisdiction. Setting aside the fact that Peavy bears the burden of demonstrating that we have—rather than lack—jurisdiction to hear his appeal, *see Petrella v. Brownback*, 697 F.3d 1285, 1292 (10th Cir. 2012), we reject this argument. Even assuming the district court failed to comply with Rule 58(a)'s separate-judgment rule, that failure wouldn't deprive us of jurisdiction because Peavy filed a timely notice of appeal. *See Turner v. McGee*, 681 F.3d 1215, 1218 (10th Cir. 2012) (explaining, "A failure to set forth a judgment or order on a separate document when required by [Rule] 58(a) does not affect the validity of an appeal from that judgment or order" (quoting Fed. R. App. P. 4(a)(7)(B))).

Next, Peavy complains defendant Labor Source, LLC, d/b/a One Source ABM Industrial Incorporated (Labor Source) failed to comply with this court's September 1, 2015, order directing it to respond to Peavy's motion to supplement the appellate record. Peavy insists that, as a result, we should "strike or dismiss [Labor Source's] pleading." Aplt. Br. 5. Because Peavy doesn't identify the pleading he'd like us to strike, we decline to consider his request. *See Wilburn v. Mid-S. Health Dev., Inc.*, 343 F.3d 1274, 1281 (10th Cir. 2003) (explaining we won't "consider issues that are raised on appeal but not adequately addressed").

For similar reasons, we decline to decide whether, "[w]here Kansas law permits an employer to impose a condition precedent on its obligation to pay an employee wages, . . . a condition subsequent [can] impose a forfeiture." Aplt. Br. 3. Peavy doesn't suggest an answer to this question, which he lists as a separate issue on appeal, let alone provide any argument or authorities to support that answer. "We do not consider merely including

an issue within a list to be adequate briefing." *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 305 F.3d 1152, 1175 (10th Cir. 2002), *modified on other grounds on reh'g*, 319 F.3d 1207 (10th Cir. 2003).

Likewise, we decline to consider Peavy's argument that the district court erred in failing to strike Labor Source's motion for non-monetary sanctions under Fed. R. Civ. P. 12(f). Peavy provides no citation to the record establishing he made this argument below. Thus, we would typically review only for plain error. *See* 10th Cir. R. 28.2(C)(2); *United States v. Barber*, 39 F.3d 285, 287 (10th Cir. 1994). But Peavy makes no effort to satisfy our plain-error test, which "surely marks the end of the road" for this argument on appeal. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011).

We reject Peavy's remaining arguments on the merits. First, Peavy suggests the district court erred in dismissing his complaint under 28 U.S.C. § 1915. Because the district court didn't dismiss Peavy's complaint under § 1915, this argument fails.

Next, Peavy argues "the U.S. Magistrate Judge act[ed] beyond its power and authority" in granting Labor Source's motion for leave to file a responsive pleading out of time. Aplt. Br. 9. According to Peavy, the magistrate was empowered only to "submit proposed findings . . . or recommendation[s] to the district court," not to "enter[] orders." Aplt. Br. 10. Peavy is correct that magistrates can "submit . . .  proposed findings of fact and recommendations for the disposition" of certain motions. 28 U.S.C. § 636(b)(1)(B). But, with some exceptions, magistrates can also "hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). Because § 636(b)(1)(A) doesn't except motions to file pleadings out of time from this general rule, the magistrate didn't violate § 636(b)(1)(A) by ruling on Labor Source's motion.

3

Alternatively, Peavy argues that even if the magistrate acted within its authority in ruling on Labor Source's motion, the district court erred in failing to "make a de novo determination of the basis for" the magistrate's order. Aplt. Br. 11. We disagree. District courts must only undertake such de novo review when a party objects to a magistrate's proposed findings of fact and recommendations for disposition under § 636(b)(1)(B) . *See* 28 U.S.C. § 636(b)(1)(C). Here, the magistrate didn't make proposed findings of fact or recommendations under § 636(b)(1)(B). Instead—as Peavy complains in his previous argument—it entered an order under § 636(b)(1)(A). Thus, § 636(b)(1)(C)'s de novo review requirement doesn't apply.

Finally, citing Labor Source's failure to timely respond to his complaint and summons, Peavy argues the district court abused its discretion in refusing to grant his request for default judgment. The district court denied Peavy's motion because it concluded his efforts to serve Labor Source were ineffective, and it denied his motion to reconsider because Peavy failed to present the court with grounds that warranted reconsidering its initial denial. We see nothing "arbitrary, capricious, whimsical, or manifestly unreasonable" here. *See Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate 2003*, 715 F.3d 1231, 1240 (10th Cir. 2013). So we reject this argument as well. Accordingly, we affirm.

Entered for the Court


Nancy L. Moritz
Circuit Judge


4