**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 8, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PHILLIP A. PEAVY,

      Plaintiff - Appellant,

v.

LABOR SOURCE, d/b/a One Source
ABM Industrial Incorporated,

      Defendant - Appellee.

No. 17-3000
(D.C. No. 2:15-CV-02633-JAR-TJJ)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY,** and **MATHESON**, Circuit Judges.

---

Pro se plaintiff Phillip A. Peavy[1] appeals from the district court's order denying

his motion to recall the mandate issued from this court in *Peavy v. Labor Source, LLC*,

---

[*]After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Peavy is proceeding pro se, we construe his arguments liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's]

Continued . . .

620 Fed. App'x 676 (10th Cir. 2015) (unpublished), or to consider the matter under Federal Rule of Civil Procedure 60(b). The district court said it lacked jurisdiction to provide the requested relief. We agree and, exercising jurisdiction under 28 U.S.C. § 1291, affirm.

On October 27, 2015, this court affirmed the district court's dismissal of Mr. Peavy's complaint. *Peavy*, 620 Fed. App'x at 678. Our mandate issued on December 21, 2015. Case no. 15-3185, Doc. 10328414. On October 26, 2016, Mr. Peavy filed his "Motion to Recall Mandate," which asked the district court to recall the mandate or "allow the Appellate court to proceed with this matter" under Rule 60(b). App. at 226, 228.

On December 6, 2016, the district court denied the motion because it lacked jurisdiction. The court explained that Mr. Peavy appeared to argue that he should have been able to revise his opening brief to this court because the district court clerk had not considered a motion to supplement the record. But, as the district court noted and we have confirmed, Mr. Peavy moved to supplement the record in this court, No. 15-3185, Doc. 10299303, which we granted before he filed his opening brief, No. 15-3185, Doc. 10299909.

Apart from the fact this matter appears to be moot, district courts generally do not have jurisdiction to recall a circuit court's mandate. *See United States v. Wilson*, 511

arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

- 2 -

Fed. App'x 761 (10th Cir. 2013) (unpublished) (denying a certificate of appealability because "reasonable jurists could not debate the district court's conclusion that [appellant's] motion to recall the mandate requires prior circuit-court authorization"); *United States v. Graham*, 394 Fed. App'x 479, 481 (10th Cir. 2010) (unpublished) (holding the district court "correctly determined it did not have jurisdiction to 'recall' a mandate of this court").[2] A district court may, however, consider a Rule 60(b) motion on an issue not foreclosed by the mandate, *see Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1126 (10th Cir. 2003), or when a change in circumstances was not considered by the circuit court, *see DeWeerth v. Baldinger*, 38 F.3d 1266, 1270-71 (2d Cir. 1994). But, as the district court pointed out, it had no such basis to consider Mr. Peavy's arguments.

The district court correctly determined it had no jurisdiction to act on Mr. Peavy's motion. We affirm.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge

---

[2] Although unpublished and not precedential, we cite these decisions for their persuasive value. *See* 10th Cir. R. 32.1(A).