FILED
United States Court of Appeals
Tenth Circuit

June 26, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PHILLIP A. PEAVY,

     Plaintiff - Appellant,

v.

LABOR SOURCE, LLC, d/b/a One Source
ABM Industrial Incorporated,

     Defendant - Appellee.

No. 18-3085
(D.C. No. 2:15-CV-02633-JAR-TJJ)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

On August 3, 2015, the district court entered judgment dismissing Phillip Peavy's

pro se employment discrimination suit against Labor Source, LLC. On October 27, 2015,

we affirmed the dismissal. *Peavy v. Labor Source, LLC*, 620 F. App'x 676 (10th Cir.

2015). Our mandate issued on December 21, 2015.

On December 6, 2016, the district court denied Mr. Peavy's motion to recall the

mandate because it lacked jurisdiction to do so. It also denied his request to proceed

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under Federal Rule of Civil Procedure 60(b) because there was no basis to do so.  On March 8, 2017, we affirmed.  *Peavy v. Labor Source, LLC*, 678 F. App'x 780 (10th Cir. 2017).  Our mandate issued on March 30, 2017.

On March 23, 2018, the district court denied Mr. Peavy's motion captioned "Collateral Attack," through which he appeared to challenge the district court's August 3, 2015 judgment and our March 8, 2017 order and judgment.  The district court denied the motion, again saying it lacked jurisdiction to recall our court's mandate and finding no basis for Rule 60(b) relief.  Mr. Peavy appeals from this post-judgment order.

We liberally construe a pro se litigant's filings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Though Mr. Peavy's brief is difficult to follow, we have carefully reviewed it.  Although it appears to challenge the district court record, the magistrate judge's role, the district court's August 3, 2015 judgment, and the district court's reliance on this court's March 8, 2017 order and judgment to deny the "Collateral Attack" motion, these and other references are not sufficiently clear or adequately briefed.

Mr. Peavy has not presented an argument grounded in fact or law that would permit us to reverse the district court.  Exercising jurisdiction under 28 U.S.C. § 1291, we therefore affirm.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

2