FILED
United States Court of Appeals
Tenth Circuit

April 25, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

JOHN ROBERT DURAN,

　　　　Defendant - Appellant.

No. 18-5063
(D.C. No. 4:09-CR-00040-GKF-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.

Appellant John Robert Duran appeals from the district court's dismissal for lack of jurisdiction of his Rule 41(g) motion for the return of funds allegedly seized by the government. *See* Fed. R. Crim. P. 41(g).

In February 2009, Appellant was apprehended attempting to rob a bank. He was indicted on charges of attempted bank robbery, possessing a firearm in furtherance of a crime of violence, and possessing a firearm after prior felony

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

convictions.

During the investigation of this attempted bank robbery, Appellant allegedly admitted that he had successfully robbed the same bank on December 9, 2008, obtaining approximately $18,000 from that crime. He allegedly informed government officials that he had used $9,000 of the robbery proceeds to open a certificate of deposit at IBC Bank, then deposited the rest in an IBC checking account. Government officials located both of these accounts, as well as clothing in Appellant's room that matched the clothing used in the December 9 robbery.

On May 11, 2009, Appellant signed a plea agreement in which he pled guilty to the firearm charges. On that same date, he executed a consent to forfeiture of the proceeds of the IBC certificate of deposit. Approximately one month later, Appellant executed a consent to forfeiture of the contents of the IBC checking account. In both consent forms, Appellant agreed that he was "knowingly and voluntarily waiv[ing his] rights to . . . notice being sent within the time frames in 18 U.S.C. § 983." (R. Vol. II at 10 (checking account); Case No. 09-MJ-00063-TLW-1, Doc. #4 (N.D. Okla. May 13, 2009) (certificate of deposit).)[1] Appellant also "waiv[ed] all constitutional, legal and equitable claims

---

[1] Although only one of these documents appears in the record on appeal, we may take judicial notice of court records from related cases. *See Turner v. McGee*, 681 F.3d 1215, 1217 n.2 (10th Cir. 2012) (citing *St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979)). We have reviewed the district court's record from the certificate-of-deposit forfeiture

arising out of and/or defenses to the forfeiture of this property in any proceeding." (R. Vol. II at 10; Case No. 09-MJ-00063-TLW-1, Doc. #4.) He "further agree[d] not to petition or assist anyone else in petitioning for the remission or mitigation of the forfeiture." (R. Vol. II at 10; Case No. 09-MJ-00063-TLW-1, Doc. #4.)

In 2018, Appellant filed a Rule 41(g) motion for the return of seized property. Although he initially argued that he was entitled to the return both of the contents of his IBC bank accounts and of cash found on his person at the time of his arrest, the government introduced evidence that the cash had been turned over to his sister, at Appellant's request, and Appellant subsequently narrowed the scope of his Rule 41(g) motion to be based solely on the two IBC accounts.

In addressing Appellant's motion for the return of these bank funds, the district court first noted that the funds had been civilly forfeited, not simply seized. The court further noted that "the consents to forfeiture reflect [Appellant's] signature, and [Appellant] has provided no evidence that the consents were not validly executed." (R. Vol. I at 75.) The court then dismissed Appellant's Rule 41(g) motion for lack of jurisdiction, holding that Appellant had

action, and we take judicial notice of the consent to forfeiture signed by Appellant in that action.

-3-

not demonstrated a valid basis for the court to exercise its equitable jurisdiction.

Appellant appeals this decision.

"A Rule 41([g]) motion is governed by equitable principles, and we review the district court's exercise of its equitable jurisdiction and its denial of the motion for an abuse of discretion." *United States v. Grover*, 119 F.3d 850, 851 (10th Cir. 1997) (citation omitted).

> We have held that where the property sought to be returned has been administratively forfeited, the Court should not exercise Rule 41([g]) jurisdiction if the movant has failed to challenge the forfeiture through the appropriate administrative and judicial procedures. However, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is available for the limited purpose of considering collateral due process attacks; that is, deciding whether the forfeiture offended due process rights.

*United States v. Deninno*, 103 F.3d 82, 84 (10th Cir. 1996) (citations omitted).

In this case, Appellant did not challenge the civil forfeitures through the appropriate administrative and judicial procedures.  Moreover, Appellant's arguments do not implicate legitimate due process concerns.  We note that Appellant in fact admits in his appellate reply brief that he signed the consent to forfeiture of his IBC checking account.  While he still maintains that he did not execute a consent to forfeiture of his IBC certificate of deposit, this argument appears to be based simply on the fact that the government did not introduce an executed consent form into the record of this case.  Having reviewed both the record on appeal and the relevant district court documents from the forfeiture

actions, as well as Appellant's arguments on appeal, we see no error in the district court's reliance on both of the pertinent consent forms that bear Appellant's signature. Based on these consent forms, which Appellant does not otherwise challenge, we see no abuse of discretion in the district court's decision not to exercise jurisdiction over Appellant's Rule 41(g) motion.

We accordingly **AFFIRM** the district court's discretionary denial of Appellant's Rule 41(g) motion.

Entered for the Court

Monroe G. McKay
Circuit Judge