

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-29-2007

# USA v. Ballard

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2029

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Ballard" (2007). *2007 Decisions*. Paper 526.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/526

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2029

UNITED STATES OF AMERICA

v.

RICHARD BALLARD,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 03-cr-0810
(Honorable Jan E. DuBois)

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2007

Before:  SCIRICA, *Chief Judge*, FUENTES and ALARCÓN[*], *Circuit Judges*.

(Filed: August 29, 2007)

OPINION OF THE COURT

---

[*]The Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Judicial Circuit, sitting by designation.

SCIRICA, *Chief Judge*.

Richard Ballard appeals his sentence of 180 months' imprisonment for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c) and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

## I.

After being indicted by a grand jury on a six count indictment, Ballard pled guilty to three of the counts: possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c) (Count I); possession of a firearm and ammunition after having been convicted in state court of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count IV); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count VI). The District Court held a plea hearing and accepted Ballard's guilty plea to those counts. During the plea hearing Ballard stated he had read, discussed with his lawyer, and signed the plea agreement and understood that the preliminary sentencing guideline range was 262–327 months. (App. 52). The sentencing agreement provided a waiver of appeals, with two exceptions. Ballard could appeal if the sentence imposed exceeded the statutory maximum, or the sentence imposed was an erroneous upward departure from the guidelines. (App. 104). Ballard stated that he understood that his right to appeal was limited to these two claims. (App. 105).

Prior to sentencing, Ballard withdrew his plea and filed a motion challenging the settlement.  The District Court granted Ballard's motion regarding Count VI, finding he had not understand the nature of that charge.  The District Court held Ballard's former counsel was not ineffective in advising him to plead guilty and Ballard had knowingly and voluntarily pled guilty to the other Counts.  (App. 61).  The District Court sentenced Ballard to 180 months' imprisonment for Count I and 180 months' imprisonment for Count IV, to run concurrently.  Ballard timely appeals.

## II.

We retain jurisdiction over an appeal where a defendant has signed an appellate waiver agreement.  *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007).  But we will not exercise our jurisdiction if we conclude that a defendant knowingly and voluntarily waived his right to appeal, unless the result would work a miscarriage of justice.  *Id*; *United States v. Shedrik,* 2007 WL 2051032 at *4 (3d Cir. 2007) ("In short, we have jurisdiction over this case, but will generally not exercise it absent compelling reasons.").[1]  Ballard contends his plea was not knowing or voluntary and enforcement of the waiver would work a "miscarriage of justice" because the plea agreement was based on a coerced plea that the District Court should have permitted him to withdraw.  But Ballard fails to prove that he did not knowingly and voluntarily enter into the plea

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

agreement. Ballard and his counsel signed the plea agreement. The appellate waiver was explained to defendant during the plea hearing. Ballard argues the waiver should not be enforced due to ineffective assistance of counsel. As noted, the District Court held there was no ineffective assistance of counsel. (App. 61). We only consider the waiver in relation to Ballard's direct appeal. Generally, we only consider ineffective assistance of counsel claims on collateral review. We see no reason to deviate from our general practice here. Accordingly, Ballard may raise an ineffective assistance of counsel claim on collateral review.

Ballard contends his claims fall within the only two exceptions outlined in the waiver. These exceptions allow Ballard to appeal only if his sentence "exceeds the statutory maximum" or the District Court "erroneously departed upward from the otherwise applicable sentencing range." Ballard maintains his sentence is illegal because the District Court sentenced him above the statutory maximum for Count IV. Under Count IV, Ballard was charged with violating §§ 921(g)(1) and 924(e). Both the written guilty plea and the transcript of the guilty plea hearing confirm these charges. Because of Ballard's prior convictions, the minimum sentence for Count IV was 180 months' imprisonment. 18 U.S.C. § 924(e). Ballard was sentenced to 180 months, the statutory minimum.

Ballard further contends the District Court erroneously departed upward from the otherwise applicable sentencing guideline range for Count I. The applicable statutory

maximum sentence for Count I is 30 years. 21 U.S.C. § 841(a)(1). Under the guidelines, the District Court calculated Ballard's applicable guideline range as 188–235 months. (App. 415, 429). Ballard's sentence of 180 months on Count I was below the applicable guideline range.

### III.

For the foregoing reasons, Ballard's waiver agreement applies and we will affirm the judgment of conviction and sentence.