FILED
United States Court of Appeals
Tenth Circuit

December 16, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RUDY STANKO,

      Plaintiff-Appellant,

v.

HERMAN QUAY, Local Director;
MICHAEL NALLEY, Regional Director;
and HARLEY LAPPIN, National
Director,

      Defendants-Appellees.

No. 09-1214
(D.C. No. 1:09-CV-00371-ZLW)
(D. Colorado)

## ORDER AND JUDGMENT[*]

Before **HARTZ**, **SEYMOUR** and **EBEL**, Circuit Judges.

Mr. Stanko, appearing *pro se*, filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241, objecting to his prison classification score that

resulted in his placement in a higher security prison. The reviewing magistrate

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with 10th Cir. R. 32.1 and 10th Cir. R. 32.1.

judge construed his § 2241 application as a complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and directed Mr. Stanko to submit a prisoner complaint and the filing fee of $345, or a motion and affidavit for leave to proceed *informa pauperis* under 28 U.S.C. § 1915.

Mr. Stanko objected to the magistrate judge's characterization of his case as a civil suit, arguing that "[i]n asserting a custody classification claim, the Petitioner actually challenges the execution of his sentence." Rec. vol. I., at 35. The district court reviewed the magistrate judge's order for "clear error" and determinations "contrary to law." The court overruled Mr. Stanko's objections and affirmed that Mr. Stanko had thirty days from the date of the magistrate judge's March 4, 2009 Order "to cure the designate [sic] deficiencies." *Id.* at 39. Mr. Stanko declined to reframe his complaint.

Mr. Stanko appeals the denial of his petition and seeks leave to proceed *in forma pauperis* on appeal. Upon review of the record, we find no "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). Accordingly, for the following reasons we deny Mr. Stanko's motion to proceed *in forma pauperis*, and affirm the district court's denial of his petition.

Mr. Stanko is currently serving an eighty-four-month term of incarceration for being a felon in possession of a firearm and for falsely representing a social

-2-

security number.  At his initial federal prison classification hearing, he was classified as a minimum security prisoner with a security-point total of eight.  Mr. Stanko appealed this classification, arguing that the appropriate numerical security classification was six, and that he was entitled to a "bed close to [his] release area[,] family and community ties."  Rec. vol. I, at 13.  The Unit Team responsible for reevaluating Mr. Stanko agreed, and on November 6, 2007, Regional Director Michael K. Nalley issued a written statement to Mr. Stanko commending him on his "positive institutional adjustment" and informing him that his security points had been reduced to six.

The alleged events thereafter form the basis of Mr. Stanko's § 2241 petition.  Specifically, Mr. Stanko alleges that

> [s]ometime after 12/4/08 [case manager Mark] Waldo arbitrarily and capriously [sic] raised me again to a medium security prisoner, because I filed an administrative complaint(s) challenging the "team" hearing and the use of a nineteen (19) year old incident report that is not suppose [sic] to be counted pursuant to 18 USC § 3621(b)(5) & § 4A1.1, Application Note 2 (United States Sentencing Commission's Policy Statement). . . .  At the one man team hearing on 11/25/2008, case manager Waldo handed me a custody security form that stated I had 19 months before release.  On 12/4/2008 and after I appealed the above legality of the one-man classification hearing, the Respondents increased my release to 29 months.

Aplt Br. at 7-8 (paragraph numbers omitted).

Construing his § 2241 petition liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Mr. Stanko asserts two primary claims.  First, he contends that the use of a nineteen-year-old offense in the calculation of his security

designation violates 18 U.S.C. § 3621(b)(5) and runs afoul of his liberty interests. Second, he contends that the erroneous assignment to him of a Bureau of Prisons criminal-history score of eight resulted in a placement in a higher security prison and thereby constitutes a violation of his liberty interests.

Section 2241 requires a petitioner to challenge the fact of – not the conditions of – confinement. *See McIntosh*, 115 F.3d at 812. "[I]f a favorable resolution of the action would not automatically entitle the prisoner to *release*, the proper vehicle is 42 U.S.C. § 1983." *Id.* (citing *Orellana, Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (emphasis added)). In this case, Mr. Stanko's claims challenge his security designation. Even if Mr. Stanko obtained favorable resolution of one of his claims, he would not automatically be entitled to release. Thus, to the extent he argues that he is entitled to a lesser security classification, we agree with the magistrate judge that his suit should be filed under *Bivens*, 403 U.S. at 388.

We do note that Mr. Stanko's petition makes reference to conduct affecting the length of his sentence, specifically, that "Respondents increased my release to 29 months." *See*, *e.g.*, Rec. vol. I., at 7; Aplt. Br. at 8. However, this allegation does not appear in any of the administrative documents of record submitted by Mr. Stanko to the Bureau of Prisons. It is well-established that federal prisoners must exhaust their administrative remedies prior to seeking § 2241 relief on a particular issue. *See Dulworth v. Evans*, 442 F.3d 1265, 1269 (10th Cir. 2006).

Given Mr. Stanko's concession that he has not exhausted the administrative remedies for each claim in his habeas petition, *see* rec. vol. I., at 4, and in the absence of such a claim in the administrative record on appeal, we refrain from further consideration of this issue.

Mr. Stanko's appellate brief raises several other issues, contending *inter alia* that the district court's ruling below constituted a suspension of the privilege of the writ of habeas corpus, a violation of the First Amendment, and a violation of his statutory right to a *de novo* determination of the magistrate judge's Report and Recommendation on certain issues. He also contests the filing fees associated with his *Bivens* Complaint and 28 U.S.C. § 1914. None of these issues were asserted to the district court, and we do not address issues raised for the first time on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("[A] federal appellate court does not consider an issue not passed upon below.").

Accordingly, we **DENY** Mr. Stanko's motion to proceed *in forma pauperis* and **AFFIRM** the district court's denial of his § 2241 petition.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge