**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 16, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JEREMY PINSON,

      Petitioner-Appellant,

v.

BLAKE DAVIS,

      Respondent-Appellee.

No. 12-1112

(D.C. No. 1:12-CV-00628-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

      Jeremy Pinson, a federal prisoner appearing *pro se*, seeks review of the district

court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition on the merits. Pinson

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was incarcerated in solitary confinement at the Administrative Maximum Security Facility (ADX) in Florence, Colorado, when he commenced this action, but he has since been transferred to the Federal Detention Center in Houston, Texas. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we conclude that Pinson's transfer has rendered his claims moot.

On March 12, 2012, Pinson filed a habeas corpus petition in the United States District Court for the District of Colorado, alleging that Blake Davis, the Warden of ADX, deprived Pinson of his due process rights by categorically denying all inmates at ADX access to the Residential Drug Abuse Program (RDAP). See 18 U.S.C. § 3621(e) (describing the RDAP). Inmates who complete the RDAP are statutorily eligible for a one-year sentence reduction. Id. Pinson alleged that ADX psychologists informed him that all ADX inmates are excluded from the RDAP. The district court dismissed Pinson's habeas action with prejudice after concluding the Bureau of Prisons' denial of Pinson's request for RDAP placement was not unreasonable as inmates who are nearing release are given priority and Pinson, whose release date is October 3, 2025, is not within that category. See 18 U.S.C. § 3621(e)(1)(C).

Before reaching the merits of Pinson's appeal, we must be satisfied that we have subject matter jurisdiction over the dispute. McKissick v. Yuen, 618 F.3d 1177, 1196 (10th Cir. 2010). Pinson's claim is predicated on his incarceration in ADX. If we were to grant the relief requested, and direct that Davis not exclude ADX inmates from the RDAP simply because they are housed at ADX, it would not affect Pinson's present ability to

2

participate in the program. Moreover, Davis, the named respondent in this action, is no longer Pinson's custodian. Thus, even if we were to grant the relief that Pinson requests, it would have no effect in the real world. As Pinson is no longer incarcerated at ADX and his claim is based upon Davis's alleged exclusion of all ADX inmates from the RDAP, his case is now moot. See McAlpine v. Thompson, 187 F.3d 1213, 1217 n.5 (10th Cir. 1999).

## III

Accordingly, we conclude that Pinson's Fifth Amendment due process claims are moot. We therefore DISMISS Pinson's appeal.

Pinson also seeks leave to proceed *in forma pauperis* (IFP) on appeal. Although his claim is now moot, his arguments on appeal were not so frivolous or unreasoned as to imply bad faith. See 28 U.S.C. § 1915(a)(1) & (a)(3). Therefore, his petition to proceed IFP is GRANTED.

Entered for the Court

Mary Beck Briscoe
Chief Judge

3