FILED
United States Court of Appeals
Tenth Circuit

August 30, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JEREMY PINSON,

      Petitioner-Appellant,

v.

D. BERKEBILE,

      Respondent-Appellee.

No. 12-1112
(D.C. No. 1:12-CV-00628-LTB)
(D. Colo.)

ORDER GRANTING PANEL REHEARING[*]

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

    Jeremy Pinson, a federal prisoner proceeding pro se, seeks rehearing by the panel

of its order and judgment of July 16, 2012, in which we dismissed Pinson's appeal from

the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. In his habeas

petition, Pinson alleged that Blake Davis, the warden of the Administrative Maximum

Security Facility (ADX) in Florence, Colorado, deprived Pinson of his Fifth Amendment

rights by categorically denying all ADX inmates access to the Residential Drug Abuse

Program. See 18 U.S.C. § 3621(e). Because Pinson had been transferred to another

federal detention center and Davis was no longer his custodian, we dismissed his appeal

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

on mootness grounds.

In his petition for rehearing, Pinson notifies us that he has been returned to ADX and that D. Berkebile has replaced Davis as his custodian.[1] Accordingly, we grant Pinson's motion for rehearing. Our previous order and judgment, <u>Pinson v. Davis</u>, 470 F. App'x 710 (10th Cir. 2012) (unpublished), is VACATED and replaced with an order and judgment also filed this date.

Entered for the Court

Mary Beck Briscoe
Chief Judge

---

[1] Berkebile is therefore substituted as the defendant in this action. <u>See</u> Fed. R. Civ. P. 25.

FILED
United States Court of Appeals
Tenth Circuit

August 30, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JEREMY PINSON,

      Petitioner-Appellant,

v.

D. BERKEBILE,
      Respondent-Appellee.

No. 12-1112
(D.C. No. 1:12-cv-00628-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

      Jeremy Pinson, a federal prisoner appearing pro se, seeks review of the district

court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition. Exercising jurisdiction

---

     [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under 28 U.S.C. § 1291, we conclude that Pinson lacks standing to assert one of his two claims, while we lack jurisdiction to hear the other. Accordingly, we affirm the district court's judgment of dismissal, but remand to the district court with directions to modify the dismissal to be without prejudice.

## I

Pinson is incarcerated at the Administrative Maximum Security Facility (ADX) in Florence, Colorado. He seeks to participate in the Residential Drug Abuse Program (RDAP). See 18 U.S.C. § 3621(e). Section 3621(b) requires the Bureau of Prisons (BOP) to offer this treatment program to "each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." Prisoners who were convicted of a nonviolent offense and who successfully complete the RDAP are eligible for a sentence reduction of up to one year. § 3621(3)(2)(B). In his habeas corpus petition, Pinson alleged that ADX psychologists had informed him that all ADX inmates are excluded from the RDAP. He therefore alleged that Blake Davis, who was then the warden of ADX, deprived him of his Fifth Amendment rights by categorically denying him access to the program.

The district court dismissed Pinson's petition with prejudice. It noted that priority for drug treatment is accorded based on an eligible prisoner's proximity to release date. § 3621(e)(1)(C). Because Pinson's release date was more than ten years away, the district court reasoned that he would not have priority and that the Bureau's denial of his request was therefore not unreasonable. The court concluded that if Pinson "remains at the ADX

2

and categorically is denied eligibility to the RDAP because he is housed there, he may raise the issue at a time closer in proximity to his release date." Order of Dismissal at 2–3, <u>Pinson v. Davis</u>, Civil Action No. 12-cv-00628-BNB (D. Colo. Mar. 20, 2012) (Doc. 4).

We dismissed Pinson's appeal from the district court's order on the basis that his transfer to another federal detention center and into the custody of another warden during the pendency of his appeal rendered his Fifth Amendment claim moot. <u>Pinson v. Davis</u>, 470 F. App'x 710, 711 (10th Cir. 2012) (unpublished). Pinson filed a petition for panel rehearing, informing us that he had been returned to ADX and that he remained in custody there. We granted the petition. We conclude, however, that Pinson lacks standing to pursue one aspect of his suit, while we lack jurisdiction to consider the remainder of it.

## II

Construing Pinson's pro se § 2241 petition liberally, <u>see</u> <u>Standifer v. Ledezma</u>, 653 F.3d 1276, 1277 n.1 (10th Cir. 2011), we understand him to assert two claims. Pinson challenges his categorical exclusion from the residential drug treatment program, and also challenges his resulting ineligibility for a sentence reduction under § 3621(e). We address the latter claim first.

## A

Section 3621 provides eligibility for a sentence reduction only for prisoners who were convicted of a nonviolent offense. <u>See</u> 18 U.S.C. § 3621(e)(2)(B) ("The period a

3

prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons . . . .").  The BOP, in its regulations implementing this statutory directive, categorically denies early-release eligibility for "[i]nmates who have a current felony conviction for . . . [a]n offense that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another."  28 C.F.R. § 550.55(b)(5)(i).  Pinson's current felony convictions include one count of threatening to harm the President of the United States in violation of 18 U.S.C. § 871 and one count of mailing a threatening communication in violation of 18 U.S.C. § 876(c).  See United States v. Pinson, 542 F.3d 822, 826 (10th Cir. 2008).  Plainly, these do not constitute nonviolent crimes under 28 C.F.R. § 550.55(b)(5)(i) and 18 U.S.C. § 3621(e)(2)(B).

Because Pinson's current felony convictions include threats of violence, he would not be eligible for a sentence reduction even if he were to successfully complete the RDAP.  As a result, he has suffered no injury fairly traceable to a BOP policy of denying ADX prisoners the opportunity for sentence reductions under § 3621(e).  Nor would a decision striking down such a policy help him in any way.  Pinson therefore lacks standing to challenge it.  See Turner v. McGee, 681 F.3d 1215, 1218 (10th Cir. 2012).

Because "standing is a jurisdictional mandate," the district court's order dismissing the claim with prejudice was "inappropriate," and must "be corrected to a dismissal without prejudice."  Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216 (10th Cir. 2006).

4

**B**

We turn, then, to Pinson's other claim—that the Fifth Amendment is violated by a policy excluding ADX prisoners from participation in the RDAP, even where such participation could not result in a sentence reduction. Whatever the merits of this argument, we lack jurisdiction to consider it here. Pinson initiated this action by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Habeas corpus is the proper vehicle for "a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012). "In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action." Id. Because he is ineligible for a § 3621(e) sentence reduction, Pinson's claim of entitlement to participate in the RDAP concerns only the conditions of his confinement, not the fact or duration of it. This challenge cannot be brought under § 2241, so neither we nor the district court have jurisdiction to consider it. Id. at 1038–39; see also Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005) ("Since release is unavailable to Glaus, his challenge can only concern the conditions of his confinement or the administrative rules the BOP is using, not the fact of his confinement. As such, he may not proceed with a habeas corpus petition."); Torres v. Chapman, 359 F. App'x 459, 461 (5th Cir. 2009) (unpublished) ("Torres's ability to participate in the RDAP is relevant to our determination only so far as it implicates her ability to obtain a sentence reduction pursuant to 18 U.S.C. § 3621(e), as the sole function of habeas is to grant relief from unlawful imprisonment or custody

5

and it cannot be used properly for any other purpose." (quotations omitted)).  In remanding for dismissal of Pinson's conditions-of-confinement claim for lack of jurisdiction, we express no view on the potential merits of any future challenge he may bring in this regard.

## III

We AFFIRM the district court's judgment insofar as it dismisses the action, but REMAND to the district court to modify the dismissal to be without prejudice.  Pinson's motion for leave to proceed in forma pauperis is GRANTED.

Entered for the Court


Mary Beck Briscoe
Chief Judge

6