GLD-076                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2358
_____

UNITED STATES OF AMERICA

v.

RICHARD BALLARD,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 03-cr-00810-001)
District Judge:  Honorable Jan E. Dubois
_____

Submitted for a Decision on Issuance of a Certificate of Appealability and
for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 13, 2012

Before: FUENTES, FISHER and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 31, 2013)
_____

OPINION
_____

PER CURIAM

   Richard Ballard pleaded guilty to federal controlled substance and weapons

charges and the District Court imposed consecutive sentences of 180 months of

imprisonment.  His plea agreement contained a waiver of appellate and collateral

challenge rights. He nevertheless appealed, and we affirmed his convictions and sentence on the basis of the waiver. See United States v. Ballard, 245 F. App'x 137, 140 (3d Cir. 2007). Ballard also challenged his sentence by filing a motion under 28 U.S.C. § 2255, which the District Court denied. Ballard did not seek a certificate of appealability.

Ballard later filed the motion at issue here, which he captioned as a "motion pursuant to Rule 60(b)(6) . . . or in the alternative . . . under F.R. Crim. P. 32(c)(3)(d)." Ballard claimed that his Presentence Report ("PSR") inaccurately states that he was involved in a 2003 shooting. He further claimed that the alleged inaccuracy "is having a direct adverse impact on decisions made by the prison officials here at [FDC-Allenwood], with respect to Petitioner's security level, institutional placement, halfway house consideration and camp placement." The sole relief he sought was an order amending the PSR to delete the alleged inaccuracies.

The District Court denied the motion for three reasons. First, the court concluded that the motion is barred by Ballard's appellate/collateral challenge waiver. Second the court held that relief was not available under § 2255 or Rule 60(b). Finally, the court concluded that Ballard was not entitled to relief on the merits because, among other things, the statements at issue were properly included in his PSR under Rule 32 of the Federal Rules of Criminal Procedure. Ballard appeals pro se.

"This Court has an obligation to inquire sua sponte . . . into the jurisdiction of the District Court to enter the order on appeal." United States v. Higgs, 504 F.3d 456, 457 (3d Cir. 2007). Although we appreciate the District Court's thorough treatment of Ballard's pro se motion, we conclude that jurisdiction was lacking in this case. We agree

2

with the District Court that Ballard does not seek relief available under § 2255 or Rule 60(b) because he expressly stated that he is not challenging his conviction or sentence and instead requested only the amendment of his PSR. The District Court lacked jurisdiction to provide that relief under Rule 32, however, because sentencing courts do not retain jurisdiction thereunder to entertain challenges to the PSR after final judgment. See United States v. Anguilo, 57 F.3d 38, 41 (1st Cir. 1995) (collecting cases); United States v. Warner, 23 F.3d 287, 290 (10th Cir. 1994) (same).

In reaching the merits, the District Court noted one of our non-precedential decisions in which we assumed without deciding that a claim similar to Ballard's could be brought in a habeas petition under 28 U.S.C. § 2241. Section 2241 may indeed provide Ballard with an avenue for relief. Although the specific relief he requested was amendment of his PSR, the only injuries he alleged were the Bureau of Prisons ("BOP") decisions about his "security level, institutional placement, halfway house consideration and camp placement" that he claims were based on the existing PSR. Ballard's motion does not provide sufficient detail to determine whether those unspecified decisions constitute the execution of his sentence. See Cardona v. Bledsoe, 681 F.3d 533, 535-37 & n.5 (3d Cir. 2012). If they do, then he may challenge them in a § 2241 habeas petition. See United States v. Saeteurn, 504 F.3d 1175, 1180 & n.12 (9th Cir. 2007) (addressing similar challenge); United States v. Leath, 711 F.2d 119, 120 (8th Cir. 1983) (same). A § 2241 petition must be filed in the district of confinement, however, which is the only district with jurisdiction to hear the challenge. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009); United States v. Ferri, 686 F.2d 147, 158-59 (3d Cir. 1982). If those

decisions do not constitute the execution of his sentence, then Ballard may be able to challenge them under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), though we express no opinion on that issue. See Cardona, 681 F.3d at 537 n.9. The District Court might have had subject matter jurisdiction over a properly filed Bivens action, but there is no basis for the relief Ballard seeks in a post-judgment motion in the sentencing court.

For these reasons, we will vacate the District Court's order and remand for the District Court to dismiss Ballard's motion for lack of jurisdiction. That dismissal will be without prejudice to Ballard's ability to file a § 2241 petition or other appropriate pleading in the district of his confinement, which presently is the Middle District of Pennsylvania, after exhausting such administrative remedies with the BOP as may be available to him. See Saeteurn, 504 F.3d at 1180 & n.12. We express no opinion on the substance of the District Court's analysis or on the merits of any § 2241 petition or other pleading that Ballard may file in the future.[1]

---

[1] Because Ballard's motion is not properly characterized as a § 2255 motion or a § 2255-related Rule 60(b) motion, no certificate of appealability is required for this appeal and we have jurisdiction under 28 U.S.C. § 1291. See Burkey, 556 F.3d at 146.

4