**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT HOWARD SNYDER,

Defendant-Appellant.

No. 16-8108

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**
**(D.C. NO. 1:16-CR-00040-SWS)**

---

*Submitted on the Briefs*:

Virginia L. Grady, Federal Public Defender, and Ryan K. Melcher, Assistant Federal Public Defender, Office of the Federal Public Defender, Denver, Colorado, for Appellant.

John R. Green, Acting United States Attorney, and Jason M. Conder, Assistant United States Attorney, Office of the United States Attorney, Lander, Wyoming, for Appellee.

---

Before **TYMKOVICH**, Chief Judge, **HOLMES**, and **PHILLIPS**, Circuit Judges.

---

**TYMKOVICH**, Chief Judge.

This appeal requires us to consider whether Robert Snyder's prior conviction for voluntary manslaughter is a "crime of violence" as defined in § 4B1.2(a)(2) of the United States Sentencing Guidelines (USSG). Based on the Supreme Court's recent decision in *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *6 (S. Ct. Mar. 6, 2017), where the court rejected a vagueness challenge to the residual clause of § 4B1.2(a)(2), Mr. Snyder concedes that voluntary manslaughter is a crime of violence, and the district court correctly applied the Guidelines in this case.

By way of background, Mr. Snyder pleaded guilty to possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mr. Snyder sought relief under the "sporting" provision of the Guidelines, which provides for a reduced base offense level of 6 if the defendant "possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition." *See* USSG § 2K2.1(b)(2). But the probation officer recommended a base offense level of 20 under USSG § 2K2.1(a)(4)(A), because she concluded Mr. Snyder's 1994 voluntary manslaughter conviction in Idaho is a previous conviction for a crime of violence. Mr. Snyder therefore was not eligible for the sporting exception. The district court agreed and accepted the probation officer's calculation of the offense level. Mr. Snyder was sentenced to 33 months' imprisonment, followed by two years of supervised release. Mr. Snyder appealed, arguing Idaho

manslaughter is not a crime of violence under the elements or enumerated-offenses clauses of § 4B1.2(a).

After the Supreme Court's recent decision in *Beckles*, which partially abrogated our decision in *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015), we ordered supplemental briefing on the issue of whether the residual clause of USSG § 4B1.2(a)(2) provides a basis for Mr. Snyder's sentencing enhancement. The residual clause defines a crime of violence as an offense that "involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a) (2015). In *Johnson v. United States*, 135 S. Ct. 2551, 2560 (2016), the Court held an identical residual clause in the Armed Career Criminal Act (ACCA) was unconstitutionally vague. But in *Beckles*, the Court rejected a void-for-vagueness challenge to the residual clause in the Guidelines and held that "the Guidelines are not subject to vagueness challenges under the Due Process Clause." 2017 WL 855781, at *6. "Unlike the ACCA," the Court reasoned, "the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.*

In light of *Beckles*, in his supplemental brief Mr. Snyder "concedes that his conviction for Idaho voluntary manslaughter qualifies as a crime of violence under the residual clause of U.S.S.G. § 4B1.2." Aplt. Supp. Br. at 2. Because the

district court therefore did not err in applying the sentencing enhancement, we affirm Mr. Snyder's sentence.