FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 3, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RODERICK DESHON RICHARDS,

     Defendant - Appellant.
_____

FEDERAL PUBLIC DEFENDERS FOR
THE DISTRICTS OF COLORADO,
WYOMING, KANSAS, NEW MEXICO,
OKLAHOMA (NORTHERN &
EASTERN), AND UTAH,

     Amici Curiae.

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RODERICK DESHON RICHARDS,

     Defendant - Appellant.
_____

No. 16-6181
(D.C. Nos. 5:16-CV-00110-C and
5:07-CR-00314-C-2)
(W.D. Okla.)

No. 16-6198
(D.C. No. 5:07-CR-00314-C-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]
_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding

_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

We have consolidated for briefing and decision two appeals filed by Roderick Richards. The claim for relief in each case is predicated on the contention that his right to due process was violated when the sentencing court used the residual clause of USSG § 4B1.2(a)(2) (2015) in calculating his guideline sentencing range. His appeal in No. 16-6181 is from a proceeding under 28 U.S.C. § 2255 in which he argued that the residual clause is unconstitutionally vague and as a result he was improperly treated as a career offender under the guidelines. The district court denied the § 2255 motion on the ground that Mr. Richards's plea agreement had waived his right to raise a collateral challenge to his sentence, but the court granted him a certificate of appealability (COA) authorizing his appeal, *see* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of relief under § 2255). The appeal in No. 16-6198 is from the district court's dismissal of his motion under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines, which reduced the offense levels of various drug offenses. The district court dismissed the motion on the ground that Mr. Richards was ineligible for reduction because of his career-offender status.

Mr. Richards argues on appeal that the waiver in his plea agreement does not preclude the constitutional challenge to his sentence and that if his sentence is properly

precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

corrected, he would be eligible for relief under Amendment 782. But we need not address whether Mr. Richards's waiver precludes his § 2255 motion, because the motion lacks merit anyway. In *Beckles v. United States*, No. 15-8544, 2017 WL 855781 (S. Ct. Mar. 6, 2017), the Supreme Court rejected a vagueness challenge under the Due Process Clause to the residual clause of § 4B1.2(a)(2). *See United States v. Snyder*, No. 16-8108, 2017 WL 1149077 (10th Cir. Mar. 28, 2017). And because Mr. Richards was properly sentenced as a career offender, the appeal of the dismissal of his motion under § 3582(c)(2) must also be denied.

We **AFFIRM** the judgments of the district court in both appeals.

Entered for the Court


Harris L Hartz
Circuit Judge