**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ALDEN PATTON HOUSE,

     Defendant-Appellant.

No. 16-1413
(D.C. Nos. 1:16-CV-01418-LTB &
1:12-CR-00246-LTB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.

Mr. Alden P. House pleaded guilty to one count of being a Prohibited

Person in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(2). He was sentenced to sixty-four months' imprisonment and three years'

supervised release, grounded in part on an increased base offense level under

§ 2K2.1(a)(2) of the 2011 edition of the United States Sentencing Guidelines (the

"Guidelines"). Section 2K2.1(a)(2) relies in turn on Guidelines § 4B1.2(a)'s

definition of "crime of violence." Mr. House did not directly appeal his sentence.

Following the Supreme Court's decision in *Johnson v. United States*,

---

[*]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1.

--- U.S. ----, 135 S. Ct. 2551 (2015), Mr. House moved the U.S. District Court for the District of Colorado to vacate his sentence. He argued that *Johnson*, which had struck down the residual clause of the Armed Career Criminal Act as void for vagueness under the Due Process Clause of the Fifth Amendment, rendered his sentence under identical language in Guidelines § 4B1.2(a) invalid. In response, the government argued that *Johnson* did not apply retroactively to cases on collateral review concerning sentences under the residual clause of the Guidelines. Agreeing with the government, the district court denied relief but granted a certificate of appealability. Exercising jurisdiction under 28 U.S.C. § 2255, we **affirm**.

In *Welch v. United States*, --- U.S. ----, 136 S. Ct. 1257 (2016), the Supreme Court made *Johnson*'s holding retroactive to cases on collateral review. *Id.* at 1265. However, in *Beckles v. United States*, --- U.S. ----, 137 S. Ct. 886 (2017), the Court established that the Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause of the Fifth Amendment. *Id.* at 890; *see also United States v. Snyder*, 852 F.3d 972 (10th Cir. 2017) (following *Beckles*). Thus, *Beckles* forecloses Mr. House's argument that his Guidelines sentence violates the Fifth Amendment's Due Process Clause under *Johnson*.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f).  The case is therefore submitted without oral argument.

Accordingly, we **AFFIRM** the district court's judgment.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge