FILED
United States Court of Appeals
Tenth Circuit

November 22, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JUNNE KYOO KOH,

      Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent - Appellee.

No. 17-6160
(D.C. No. 5:16-CV-00932-M)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.[**]
_____

Petitioner-Appellant Junne Kyoo Koh, a federal inmate appearing pro se,

appeals from the district court's dismissal without prejudice of his petition for a writ

of habeas corpus, 28 U.S.C. § 2241. He also seeks to proceed in forma pauperis

(IFP) on appeal. We affirm the district court's dismissal and deny IFP status.

Mr. Koh, a non-citizen, was convicted of two counts of unlawfully possessing

a firearm, 18 U.S.C. § 922(g), and one count of illegally reentering the United States

after deportation, 8 U.S.C. § 1326(a). Judgment at 1, United States v. Koh, No. 2:15-

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

cr-98 (W.D. Wash. Mar. 17, 2016), ECF No. 88. He was sentenced to 60 months' imprisonment. Id. at 2.

Mr. Koh essentially claimed that his equal protection rights were violated when the Bureau of Prisons (BOP), solely based on his status as a non-citizen, (1) did not allow him placement at a "minimum security facility or facility near his family"; (2) "subject[ed] him to a longer term of imprisonment because [it found that he was] not eligible for 'a one-year sentence reduction' if he complete[d] [the] Residential Drug Abuse Program ('RDAP') treatment"; and (3) denied him "transfer to a community correctional facility such as a halfway house." Koh v. Berkebile, No. CIV-16-932-M, 2017 WL 2608955, at *2 (W.D. Okla. June 1, 2017), report and recommendation adopted, No. CIV-16-932-M, 2017 WL 2608710 (W.D. Okla. June 15, 2017). Upon referral, a magistrate judge recommended that the petition be dismissed without prejudice. Id. at *5. The district court adopted the report and recommendation. Koh, 2017 WL 2608710, at *1.

On appeal, Mr. Koh argues that as a non-citizen he should not be excluded from obtaining a one-year sentence reduction upon completion of the RDAP program. He argues that such exclusion violates equal protection principles. He also takes issue with the magistrate judge's conclusion that he would be ineligible for a sentence reduction regardless of his citizenship given his firearms convictions. We review the underlying legal conclusions of the district court de novo and any findings of fact under the clearly erroneous standard. Leatherwood v. Allbaugh, 861 F.3d 1034, 1042 (10th Cir. 2017).

2

The magistrate judge determined that Mr. Koh lacked standing to challenge the denial of early release to non-citizen inmates completing the substance abuse program given the nature of his convictions. By its terms, early release only applies to prisoners convicted of non-violent offenses. 18 U.S.C. § 3621(e)(2)(B) (2012). By regulation, this does not include felonies involving the possession of a firearm. 28 C.F.R. § 550.55(b)(5)(ii) (2017). Although Mr. Koh argues that the regulation is invalid, we have upheld the classification. Licon v. Ledezma, 638 F.3d 1303, 1309 (10th Cir. 2011). Because Mr. Koh has suffered no injury "fairly traceable to a BOP policy," he lacks standing and the district court's dismissal of this claim without prejudice was correct. Pinson v. Berkebile, 486 F. App'x 745, 747 (10th Cir. 2012).

We AFFIRM for substantially the same reasons as the district court. We DENY IFP status.

Entered for the Court

Paul J Kelly, Jr.
Circuit Judge

3