**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

v.

JACKIE DALE BRUMLEY,

            Defendant - Appellant.

No. 17-7081
(D.C. Nos. 6:16-CV-00287-RAW
and 6:14-CR-00043-RAW-7)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.

Jackie Dale Brumley seeks a certificate of appealability ("COA") to challenge the district court's order denying his motion under 28 U.S.C. § 2255. Exercising jurisdiction under 28 U.S.C. § 1291, and for the reasons that follow, we **deny** Mr. Brumley's request for a COA and **dismiss** this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Mr. Brumley pleaded guilty to entering into a drug conspiracy in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 841(b)(1)(C). Importantly, his plea agreement contained a waiver of his right to appeal and a waiver of his "right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver." Aplt.'s App., Vol. II, at 51.

In preparation for his sentencing, a probation officer prepared a Presentence Report ("PSR") that calculated Mr. Brumley's advisory U.S. Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") range and designated him as a Career Offender.[1] Despite this designation, the Career Offender Guideline had no effect on Mr. Brumley's Guidelines range. While the Career Offender Guideline provides for elevated offense levels, it was not applied to Mr. Brumley because his existing offense level under the other provisions of the Guidelines was already higher than the level specified by the Career Offender Guideline. *See* U.S.S.G. § 4B1.1(b) ("[*I*]*f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable*, the offense level from the table in this

---

[1] The probation office used the 2014 Guidelines Manual.

subsection shall apply." (emphasis added)). And although the Career Offender Guideline mandates that "[a] career offender's criminal history category . . . shall be Category VI," *id.*, Mr. Brumley's criminal history score already resulted in a criminal history Category VI, the highest category.

Relying on these guidelines, the district court sentenced Mr. Brumley to 168 months' imprisonment. Judgment was entered on July 7, 2015. Mr. Brumley did not file a direct appeal.

On June 27, 2016, Mr. Brumley filed his § 2255 motion, relying on *Johnson v. United States*, --- U.S. ----, 135 S. Ct. 2551 (2015). The government responded by asking the district court to stay proceedings pending the Supreme Court's decision in *Beckles v. United States*, --- U.S. ----, 137 S. Ct. 886 (2017), which the district court then did. After *Beckles* was decided, the district court lifted the stay, and the parties finished briefing the motion. The district court then, on October 3, 2017, held that the plea agreement's collateral appeal waiver was enforceable and thus dismissed Mr. Brumley's § 2255 motion. Mr. Brumley filed a timely notice of appeal on November 30, 2017.

## II

"The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of an issue raised in a § 2255 motion." *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010); *see also* 28 U.S.C.

3

§ 2253(c)(1)(B). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) ("If the application was denied on procedural grounds, the applicant faces a double hurdle.").

### III

We consider a threshold jurisdictional issue and then discuss why reasonable jurists would not find debatable either the merits or the procedural infirmity of Mr. Brumley's petition.

### A

In its briefing before the district court, the government questioned whether the court had jurisdiction to award Mr. Brumley relief under 28 U.S.C. § 2255 and instead argued Mr. Brumley's claim would more properly

4

be framed as a *Bivens* action.[2]  Because "we are obliged to independently inquire into the propriety of our jurisdiction," *United States v. Battles*, 745 F.3d 436, 447 (10th Cir. 2014), we briefly consider this argument.

This issue arises because Mr. Brumley's desired relief is somewhat unique.  Although the Career Offender Guideline was not applied to Mr. Brumley for purposes of sentencing, he argues that this designation still has consequences for him.  In particular, Mr. Brumley argues that he "has been assessed by the Bureau of Prisons a Documented History of Violence point, which has unconstitutionally caused him to be classified as a medium security [prisoner] instead of [a] low security [prisoner] for a longer period of time, which has caused him to be more restricted in confinement, not allowed him to be placed in a low security FCI as timely as he should have been, restricted his privileges and caused hardship on family visitation."  Aplt.'s App., Vol. I, at 20 (Am. Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed June 29, 2016).  He therefore wants the Career Offender designation removed from his PSR.

While "a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement[] must do so through an application for habeas corpus," this

---

[2]    *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

circuit has held that "a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *see Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)—not through federal habeas proceedings."); *accord Pinson v. Berkebile*, 486 F. App'x 745, 747 (10th Cir. 2012) (unpublished); *Stanko v. Quay*, 356 F. App'x 208, 210 (10th Cir. 2009) (unpublished). And, if Mr. Brumley should have brought this claim under *Bivens*, the case should be dismissed without prejudice because the district court did not have jurisdiction to consider Mr. Brumley's arguments under § 2255. *See Palma-Salazar*, 677 F.3d at 1033 ("Exercising jurisdiction under 28 U.S.C. § 1291 we therefore remand to the district court to vacate its judgment and dismiss, without prejudice, the entire petition for lack of jurisdiction.").

Nevertheless, we conclude that the district court did have jurisdiction to consider Mr. Brumley's motion because, unlike the cases just cited, Mr. Brumley's motion is tied directly to his sentence. We have previously allowed a prisoner to seek a very similar remedy under § 2255. In *United States v. Gattas*, 862 F.2d 1432 (10th Cir. 1988), "the district judge orally

6

announced, in compliance with the first part of Rule 32(c)(3)(D), that he would not rely on any of the disputed factual statements contained in the [PSR], [but] he failed to make a written statement of such nonreliance and to attach it to the [PSR], as required by the second sentence of Rule 32(c)(3)(D)." *Id.* at 1433. The petitioner filed a § 2255 motion in hopes of correcting this mistake and his PSR. *Id.* at 1433–34. As here, we first faced the question of "whether we have jurisdiction to remedy the violation." *Id.* at 1433. We reasoned that we did. *Id.* at 1434.

First, we remarked that "the [PSR] may have an important influence on a defendant's classification in a prison, his ability to obtain furloughs, the treatment programs provided to him, and his parole determinations." *Id.* "Thus," we continued, "transmission of an accurate [PSR], which includes a written record of the sentencing judge's resolution of contested matters in the report, is vitally important to the post-sentencing lives of criminal defendants." *Id.* In light of the importance of "protecting defendants against post-sentencing prejudice because of errors in the [PSR]," *id.*, we concluded "that Section 2255 is a proper vehicle for remedying the violation of Rule 32(c)(3)(D) in this case," *id.* at 1433. *See United States v. Talk*, 158 F.3d 1064, 1070 (10th Cir. 1998) (characterizing *Gattas* as holding that "an error in compiling 'the central document in the correctional process' is actionable under § 2255" (quoting *Gattas*, 862 F.2d at 1434)), *abrogated on other*

7

*grounds as recognized in United States v. Harms*, 371 F.3d 1208, 1210 (10th Cir. 2004); *see also United States v. Warner*, 23 F.3d 287, 290–91 (10th Cir. 1994) (declining to consider motion to correct PSR under Fed. R. Crim. P. 32, but acknowledging "it might have been possible for the district court to construct the motion as a § 2255 motion").[3]

Following *Gattas*, we conclude that we have jurisdiction. As in *Gattas*,

---

[3] Mixed approaches can be found among and within our sister circuits. *Compare United States v. Yakle*, 463 F.3d 810, 811 (8th Cir. 2006) ("a violation of the rule" requiring district court to attach findings of fact to a PSR "is cognizable in a petition for relief under 28 U.S.C. § 2255"), *and United States v. Angiulo*, 57 F.3d 38, 42 n.6 (1st Cir. 1995) (stating "[i]t is often assumed that inaccuracies in a PSI Report may form the basis for a petition under 28 U.S.C. § 2255," but "tak[ing] no view of the appropriateness *vel non* of any such potential remedies"), *and United States v. Mosquera*, 845 F.2d 1122, 1123 n.1 (1st Cir. 1988) ("Section 2255 would appear to be the most appropriate basis for [petitioner to challenge the accuracy of information in the PSR] and hence we construe the motion as a § 2255 petition."), *and United States v. Fischer*, 821 F.2d 557, 558–59 (11th Cir. 1987) (noting that while Fed. R. Crim. P. 35 did not provide jurisdiction for petitioner's motion, "28 U.S.C. § 2255 may provide jurisdiction for a collateral attack on" petitioner's PSR, and remanding "to the district court to dismiss for lack of jurisdiction, or permit [petitioner] to amend to assert a § 2255"), *with United States v. Ballard*, 512 F. App'x 152, 153 (3d Cir. 2013) (unpublished) ("We agree with the District Court that Ballard does not seek relief available under § 2255 or Rule 60(b) because he expressly stated that he is not challenging his conviction or sentence and instead requested only the amendment of his PSR."), *and United States v. Mittelsteadt*, 790 F.2d 39, 40 (7th Cir. 1986) (affirming dismissal of habeas petition for lack of jurisdiction because "[t]he real purpose of the appellant's motion appears to be to modify the terms of his imprisonment"), *and United States v. Leath*, 711 F.2d 119, 120 (8th Cir. 1983) ("We do not agree with the district court's characterization of appellant's motion as a § 2255 motion. Appellant did not challenge the validity of his sentence; he only wanted to remove certain allegedly erroneous information from his presentence report . . . . Because 'this is a challenge to the execution of the sentence rather than to the sentence itself, we do not have jurisdiction under § 2255.'" (quoting *United States v. Fraser*, 688 F.2d 56, 58 (8th Cir. 1982)). While these cases demonstrate varying approaches, we are bound by our prior opinion in *Gattas*.

8

Mr. Brumley is fundamentally seeking to correct an alleged error in his PSR. While potential correction of that alleged error could have an effect on prison conditions—indeed, Mr. Brumley hopes that it will—like *Gattas*, the district court had jurisdiction to consider the § 2255 motion because Mr. Brumley was effectively seeking to correct an alleged error in his sentence. This situation is rightly distinguished from our above cases where a prisoner challenged prison conditions that were unrelated to an alleged sentencing error. The connection to Mr. Brumley's sentence is the key; with it, we conclude we are able to proceed.

**B**

This brings us to the first reason why the district court correctly denied Mr. Brumley's motion: his plea agreement contained a valid waiver of collateral rights. We established a formula for evaluating the validity of appeal waivers in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc). We ask "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Although *Hahn* involved a direct appeal, we have applied the same test to § 2255 proceedings. *See, e.g., United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

Applying *Hahn*, these § 2255 proceedings clearly fall within the scope

9

of the waiver, which included a waiver of "the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver." Aplt.'s App., Vol. II, at 51. Mr. Brumley makes no arguments regarding ineffective assistance of counsel. Second, Mr. Brumley has not argued that this waiver was unknowing and involuntary. Instead, Mr. Brumley only argues that enforcement of the waiver would entail a miscarriage of justice. Aplt.'s Opening Br. at 9.

"For purposes of the enforcement of an appeal waiver, '[a] miscarriage of justice occurs [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.'" *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (alterations in original) (quoting *United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008)). This list is exclusive. *Id.* Mr. Brumley does not argue that enforcement of the waiver would implicate any of the first three categories; he only argues that it is "otherwise unlawful." Aplt.'s Opening Br. at 12.

For the waiver to be "otherwise unlawful," "the error [must] seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings."

10

*Hahn*, 359 F.3d at 1327 (alterations in original) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).  But Mr. Brumley does not provide any independent argument that this *waiver* was unlawful; he only provides an argument that his *sentence* was unlawful.  *See* Aplt.'s Opening Br. at 13–15. And we have made clear that this sort of an argument is insufficient to satisfy the fourth prong: "Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible." *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007); *see Polly*, 630 F.3d at 1002 ("Because Polly does not challenge the lawfulness of the waiver itself, enforcing the waiver as to his claim that the district court improperly applied the obstruction of justice sentence enhancement does not result in a miscarriage of justice.").  Because Mr. Brumley has failed to demonstrate that the waiver was unlawful, we hold that jurists of reason would not debate whether the district court was correct in its procedural ruling that the waiver was valid and that the waiver covered Mr. Brumley's § 2255 motion.

## C

Lest there be any doubt that Mr. Brumley could not secure review under any circumstances, we also note that reasonable jurists would not find it debatable that the petition does not state a valid claim of the denial of a constitutional right.  On the merits, Mr. Brumley had argued that he was

11

erroneously classified as a Career Offender by the Guidelines because the Guidelines' definition of crime of violence was unconstitutionally vague in light of *Johnson*. Mr. Brumley's argument had some support in our caselaw when it was filed, *see United States v. Madrid*, 805 F.3d 1204, 1206 (10th Cir. 2015), but that support was fatally undercut during the course of this litigation by *Beckles*. *See United States v. Snyder*, 852 F.3d 972, 973 (10th Cir. 2017) (acknowledging *Beckles* "partially abrogated" *Madrid*).

Instead of dropping this argument, Mr. Brumley seeks to repackage it. Even though he concedes that he was not erroneously classified as a Career Offender—because, under *Beckles*, the Guidelines are not amenable to vagueness challenges—he still argues that this court should "remove the classification of career offender in exercising its discretion" under the 18 U.S.C. § 3553(a) factors. Aplt.'s Opening Br. at 15. He provides no further elaboration of this argument, discussion of how the § 3553(a) factors apply in this case, authority for the proposition that a court has discretion under the § 3553(a) factors to alter a *correct* classification made under the Guidelines, or, perhaps most fatally, any explanation of how the district court's failure to exercise any "discretion" that it ostensibly had here could have resulted in "the denial of a constitutional right." *Slack*, 529 U.S. at 478. After *Beckles*, Mr. Brumley's substantive argument is wholly without merit: Mr. Brumley has demonstrated neither that he was incorrectly designated as a Career Offender

12

nor the relevance of the § 3553(a) factors to that determination. Jurists of reason would not find it debatable whether the petition states a valid claim of the denial of a constitutional right.

## IV

Finally, Mr. Brumley moved the court to file his supplemental appendix under seal. "[T]he party seeking to seal records 'must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.'" *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1135–36 (10th Cir. 2011)). At the court's direction, Mr. Brumley filed a supplement to his motion in which he explicated the interests warranting sealing. For the reasons articulated in that supplement, we conclude that Mr. Brumley has met his burden to justify sealing. Therefore, we order his supplemental appendix to be sealed and also order the supplement to his sealing motion to remain under seal.

## V

For the foregoing reasons, we **DENY** a COA and **DISMISS** this matter.

We **GRANT** Mr. Brumley's motion to seal his supplemental appendix.


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge